UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 1 0 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Benjamin F. Shipley, Jr., )
)
    Plaintiff, )
)
v. ) Civil Action No. 09 0274
)
Woolrich, Inc. *et al.*, )
)
    Defendants. )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and his application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the complaint.

Plaintiff is incarcerated in the United States Penitentiary at Terre Haute. Defendants are persons employed by the Bureau of Prisons, its contractors, or Woolrich who are involved with the contracting of prison labor for the manufacture of clothing for the U.S. military. Plaintiff alleges "at least one conspiracy, embracing numerous acts by persons and entities, to deprive federal prisoners, including Plaintiff, of equal protection of the laws and Constitutionally protected rights by exploiting their labor for private profit." Compl. ¶ 1. Specifically, he alleges that the defendants have violated his rights under the Thirteenth Amendment and the equal protection clause, and that the defendants engaged in a civil conspiracy to deprive him of these rights, in violation of 42 U.S.C. § 1985. *See, e.g., id.* ¶¶ 208 (alleging violation of minimum wage), 215 (alleging violation of equal protection), 219 (alleging violation of Thirteenth Amendment and conspiracy to violate).

The complaint, and each of its claims, is based upon the premise that plaintiff has an enforceable right that flows from either the constitution or other federal law that entitles him to minimum or market wages for work performed while incarcerated as a federal prisoner. This premise is false. It is well-settled that the Thirteenth Amendment's protection against involuntary servitude does not extend to prisoners who are required to perform work at little or no pay. To the contrary, the Thirteenth Amendment clearly excepts involuntary servitude as punishment for a crime after conviction: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const., amend. XIII, § 1. "Convicted criminals . . . are not protected by the Thirteenth Amendment against involuntary servitude." *Henthorn v. Dep't of the Navy*, 29 F.3d 682, 686 (1994); *see also Vanskike v. Peters*, 974 F.2d 806 (7th Cir. 1992) (stating that prison work assignments are part of the inmates' sentences of incarceration). Furthermore, "where the inmate's labor is compelled and/or where any compensation he receives is set and paid by his custodian, the prisoner is barred from asserting a claim for minimum wage under the FLSA [Fair Labor Standards Act.]." *Henthorn v. Dep't of the Navy*, 29 F.3d 682, 686 (1994); *see also Sanders v. Hayden*, 544 F.3d 812, 814 (7th Cir. 2008) ("Prison and jail inmates are not covered by the FLSA.").

Because the complaint fails to state a claim under the Constitution or the laws of the United States upon which relief may be granted to the plaintiff, it will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). A final order accompanies this memorandum opinion.

Date: 2/4/09

Ellen S. Huck
United States District Judge

2